This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38665

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RUDOLPH AMADOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**Melissa Kennelly, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant, following his retrial, appeals from the district court's order denying his motion to bar retrial on double jeopardy grounds and asserts that his convictions are the result of ineffective assistance of counsel. We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant continues to argue that the district court erred in concluding that the prosecutorial misconduct that the court sua sponte determined warranted retrial did not rise to the level of "willful disregard" required to bar retrial. *See*

*State v. Breit*, 1996-NMSC-067, ¶¶ 3, 32, 122 N.M. 655, 930 P.2d 792 (holding, in relevant part, that retrial will be barred where prosecutorial misconduct was intended to provoke a mistrial or was the result of "willful disregard of the resulting mistrial, retrial, or reversal"). As we explained in our notice of proposed disposition, "[t]he term [willful disregard] connotes a conscious and purposeful decision by the prosecutor to dismiss any concern that his or her conduct may lead to a mistrial or reversal," *id.* ¶ 34, and refers to extraordinary misconduct. *See State v. Foster*, 1998-NMCA-163, ¶ 21, 126 N.M. 177, 967 P.2d 852. [CN 3-4]

{3}     Our notice of proposed disposition proposed to affirm, suggesting that while the prosecutor's conduct was both incorrect and improper, it was largely confined to closing argument, and therefore not pervasive throughout trial [CN 6-7]; and that it was not objected to by defense counsel, "which would have served to make the prosecutor aware of the potential for mistrial." [CN 7] Thus, we proposed that looking at the totality of the trial, it did not appear that the prosecutor's conduct rose to the level of willful disregard. [CN 2-7]

{4}     In his memorandum in opposition, Defendant contends that the prosecutor's remarks at closing were pervasive and demonstrated willful disregard because they impermissibly infused unfair prejudice into the trial by improperly influencing the jury's determination of credibility "in a case where credibility was central." [MIO 8] However, while we agree that the prosecutor's improper remarks may have influenced the jury's determination of credibility, the misconduct itself was limited to four discreet instances that occurred primarily during closing argument. [MIO 3] And, with regard to these occurrences, Defendant does not adequately address our analysis of the facts indicating the prosecutor's lack of willful disregard, particularly in light of Defendant's failure to object during trial. [CN 6-7] Defendant, for example, continues to argue that the prosecutor "misrepresent[ed] the nature" of Defendant's conditional discharge as a prior felony conviction. [MIO 8] But, Defendant does not address our proposed conclusion that, while the prosecutor was negligently incorrect in his belief that Defendant's conditional discharge could be used at trial as a prior felony, the prosecutor demonstrated his intent to avoid mistrial on this issue by notifying defense counsel— without objection—and the court of his intent to use a prior felony when Defendant testified. [CN 6; MIO 8-9] Thus, because Defendant has provided no new facts or authority to support his position, we are unpersuaded Defendant has demonstrated error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds by State v. Harris*, 2013-NMCA-031, 297 P.3d 374.

{5}     Defendant additionally continues to contend that his attorney, who provided ineffective representation to him during the first trial, had an actual conflict of interest and was therefore ineffective in representing him during retrial. [MIO 10-14] As we noted in our notice of proposed disposition, we will not presume ineffective assistance of counsel "[w]here, as here, counsel represented to the court that she could continue to

represent Defendant during the second trial and Defendant appeared to agree with this representation." [CN 8] Defendant has not provided any additional facts or argument in his memorandum in opposition sufficient to establish either the existence of an actual conflict of interest or that he received ineffective assistance of trial during his second trial. *See id.*; *see also State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance of counsel claim is first raised on direct appeal, we evaluate the facts that are part of the record."); *State v. Hester*, 1999-NMSC-020, ¶ 14, 127 N.M. 218, 979 P.2d 729 (stating that "[t]he burden is on [the d]efendant to establish ineffective assistance of counsel"). We reiterate, to the extent Defendant continues to believe his right to effective assistance of counsel was violated, he may choose to pursue his claim through habeas corpus proceedings. [CN 9] *See Roybal*, 2002-NMSC-027, ¶ 19 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

**{6}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{7}**   **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**